# EXHIBIT E

FILED
4/30/2024 4:08 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:24-cv-01190-E   Document 1-5   Filed 05/17/24   Page 2 of 24   PageID 20

Cs. _CC-24-03319-B_

| | | |
|---|---|---|
| **THE SHORE FIRM LLP,** | § | **IN THE COUNTY COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **AT LAW NO. _____ IN AND FOR** |
| | § | |
| **VIDEOSHARE, LLC.,** | § | |
| **Defendant** | § | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, The Shore Firm LLP ("Plaintiff" or "The Shore Firm"), files this Plaintiff's Original Petition seeking an award of $6,000,000 in attorneys' fees for its successful representation of Defendant, VideoShare, LLC. ("Defendant" or "VideoShare") against Google, LLC ("Google") and its wholly owned subsidiary YouTube in a lawsuit styled *VideoShare, LLC v. Google, LLC et. al*, Case No. 6:19-cv-00663-ADA in the Western District of Texas (the "*Google Case*"). As a result of Plaintiff's work on the *Google Case*, Defendant received a $25,900,000 judgment.[1]

The Parties' Attorney Retainer Agreement ("ARA") called for Plaintiff to be paid its attorneys' fee on a contingent basis, the contingency being the collection of a judgment or settlement from the *Google Case*. The ARA and a subsequent Release Agreement required the Defendant to pay all costs and expenses (the "*Case Expenses*") incurred by The Shore Firm in representing the Defendant in both the *Google Case* and the related *Meta Case*. Despite multiple demands and an arbitration award issued on April 23, 2024 (the "Award") that now totals over $1,020,000 with interest, the Defendant continues to refuse to pay the *Case Expenses* as agreed and as awarded in arbitration.

---

[1] *See* Exhibit 1. With prejudgment interest, the *Google Case* judgment will exceed $31,000,000 as of the filing of this Petition. This is the second highest jury verdict against Google.

As a result of Defendant's refusal to honor the terms of the ARA and the Release Agreement, as well as other actions and events, the Defendant created "just cause" for The Shore Firm to withdraw from representing the Defendant in the *Google Case*. The Defendant also wrongfully terminated The Shore Firm after just cause had been established for The Shore Firm to withdraw.  As a result of the egregious culpable conduct of the Defendant, an award of *quantum meruit* fees, immediately payable, is required to shift the risk of an adverse outcome in the *Google Case* to the Defendant.

## I.     PARTIES

1.     The Shore Firm LLP is a Texas limited liability partnership with its principal place of business at 901 Main Street, Suite 3300, Dallas, Texas 75702.

2.     **VideoShare, LLC.** is a Texas limited liability company with a principal place of business at 605 Austin Avenue, Suite 103, Waco, Texas 76701. VideoShare can be served with process through its principal and owner, **Gad Liwerant, at 605 Austin Avenue, Suite 103, Waco, Texas  76701.**

## II.    JURISDICTION AND VENUE

3.     This Court has jurisdiction as both Parties are Texas residents.

4.     All or a significant part of the actions giving rise to this Petition are stipulated in the ARA to have taken place in Dallas County, Texas, including the provision of goods and services for which fees are sought. ARA, ¶ 8a. Venue is proper in this district pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1).

5.     Although the ARA calls for all disputes between The Shore Firm and VideoShare to be determined through arbitration, VideoShare *expressly* waived its right to arbitrate the issue

of *quantum meruit* fees. The issue was fully briefed and litigated in an arbitration hearing on March 11-12, 2024 (the "Hearing"). After the Hearing, the arbitrator issued the Award. The Award failed to address the amount of *quantum meruit* damages. When the Award's failure to address the issue was objected to by The Shore Firm, VideoShare responded by arguing the amount of *quantum meruit* fees ***should not be determined in the arbitration***. As a result of VideoShare's objection, the arbitrator declined to hear the *quantum meruit* fee issue but issued an amended Award making clear that the issue remained unaddressed and open to additional litigation.

6.      After the issuance of the amended Award, The Shore Firm repeatedly provided VideoShare with an opportunity to "undo" its waiver and agree to arbitrate the dispute over the amount of *quantum meruit* fees due and owing. At every turn, VideoShare expressly waived its rights to arbitration by refusing to participate in the process. This left The Shore Firm with no option other than to file this suit or abandon its ripe *quantum meruit* claim.

### III.    QUANTUM MERUIT FEES

7.      Paragraphs 1-6 are incorporated herein by reference as though fully set forth.

8.      The Shore Firm seeks $6,000,000 in *quantum meruit* fees for the firm's work in the *Google Case*. The Shore Firm's right to *quantum meruit* fees is based on four independent grounds, all sufficient alone to require a *quantum meruit* award. First, VideoShare stipulated The Shore Firm had "just cause" to withdraw from the Google Cases.[2] Second, an order entered by Judge Albright accepting that stipulation and finding The Shore Firm had just cause to withdraw from the *Google Case*.[3] Third, a finding by the arbitrator that VideoShare breached the Release Agreement by

---

[2] *See* Exhibit 2. Mr. Liwerant personally signed the stipulation that The Shore Firm possessed just cause to withdraw from the *Google Case*.

[3] *See* Exhibit 3, Docket Entry Finding Just Cause.

failing to pay the *Case Expenses* as agreed. Fourth, VideoShare terminated The Shore Firm before the *Google Case* concluded and thereby deprived The Shore Firm of any ability to control or impact the *Google Case* outcome.

9.      A just cause withdrawal by a contingent fee lawyer in Texas gives the lawyer the absolute right to convert his contingent fee to a *quantum meruit* fee if three prerequisites are met. First, the attorney is terminated by the client, constructively or directly. That indisputably occurred, as VideoShare terminated The Shore Firm in its post-Hearing arbitration brief. Second, the termination must occur before the underlying case is over. It is undisputed the *Google Case* is not over, and may not be over for years. It may require a complete retrial if remanded after appeal or Google's pending motion for new trial is granted. Third, the lawyer terminated or who withdraws must have "just cause" to end the attorney-client relationship as to the ongoing and uncompleted representation.

10.      Under Texas law, a finding of "just cause" indicates the client has engaged in culpable conduct. *Augustson v. Linea Aerea Nacional-Chile S.A. (LAN Chile)*, 76 F.3d 658, 663 (5th Cir. 1996) "[C]ourts have found just cause where the client attempts to assert a fraudulent claim [present]; fails to cooperate [present]; refuses to pay for services [present]; degrades or humiliates the attorney [present]; or retains other counsel with whom the original attorney cannot work [present]." *Id.*; *see also* Wade R. Habeeb, *Annotation, Circumstances under Which Attorney Retains Right to Compensation Notwithstanding Voluntary Withdrawal from Case*, 88 A.L.R.3d 246-69 (1978 & Supp. 1995) (describing cases from various jurisdictions in which attorneys have retained the right to compensation after withdrawal). Whether grounds for a withdrawal for just cause exists in this case is **stipulated** and found present by the presiding federal district judge. In addition to the

stipulation and finding of just cause, the Arbitrator found culpable conduct by VideoShare when it found that it violated the Release Agreement.

11.     There is no exception under binding Texas Supreme Court and Fifth Circuit precedents for a contingent fee lawyer's right to a *quantum meruit* reward of fees if the contingent fee attorney is terminated or withdraws for just cause before the completion of a contingent fee case. *Russell v. Henry*, 1997 WL 527264, at *5 (Tex. App. Aug. 27, 1997), *opinion supplemented on denial of reh'g*, 1997 WL 717043 (Tex. App. Nov. 19, 1997) "If the client discharges the attorney or the attorney withdraws due to the client's breach before the conclusion of the suit, he is entitled to recover in *quantum meruit* for the reasonable value of his services." *Id*. (citing *Rocha v. Ahmad*, 676 S.W.2d 149, 156 (Tex. App.—San Antonio 1984, *writ dism'd*)). The penalty for a contingent fee client's breach, or culpable conduct creating just cause is to pay the attorney his fees in *quantum meruit*.

12.     Its termination and subsequent withdrawal for just cause deprive The Shore Firm of any control over the *Google Case*'s outcome. A withdrawn contingent fee attorney without control or any ability to direct a case cannot -- *after culpable conduct by the client created the attorney's just cause to withdraw* – be required to continue to carry the outcome risk. The malfeasant client must carry that risk. Here VideoShare's culpability is both stipulated and necessarily found as a result of the breaches of the Release Agreement and other culpable conduct. The right to *quantum meruit* fees is no longer at issue: "If the attorney proves that he withdrew for good cause, he is ***entitled to recover in quantum meruit for the reasonable value of his services***." *Id*. at *5 (citing *Staples*, 763 S.W.2d at 916) (Emphasis added).

13.     The amount of *quantum meruit* fees to be awarded is the only issue in this case. The evidence supports a $6,000,000 in *quantum meruit* fees. That amount is supported by the work performed, expert testimony, the American Intellectual Property Law Association's estimate of fees for a case involving over $25,000,000, and most importantly, it is supported by a successful trial result of $25,900,000.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully *demands a trial by jury* to determine the amount of *quantum meruit* fees The Shore Firm has earned and thereafter to receive a judgment as follows:

1.     A Judgment against VIDEOSHARE, LLC, in the amount of $6,000,000.00;

2.     Prejudgment interest;

3.     Post-judgment interest at the statutory rate of 8.5% compounded annually until the judgment is fully paid; and

4.     Costs and attorneys' fees incurred by The Shore Firm pursuant to Tex. Civ. Prac. & Rem. Code Chapter 38.[4]

---

[4] All prerequisites to the collection of attorneys' fees under the statute have been fulfilled.

Dated:  April 30, 2024

Respectfully submitted,

By:  /s/ *Michael W. Shore*
Michael W. Shore SBN 18294915
Zachary Della Porta (24134899)

THE SHORE FIRM LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
mshore@shorefirm.com

Dennis Weitzel SBN 21118200
TED B. LYON & ASSOCIATES
18601 Lyndon B. Johnson Freeway, Suite 525
Mesquite, Texas 75150
Telephone:  (972) 279-6571
Telecopier:  (972) 279-3021
Email: dennis@tedlyon.com

ATTORNEYS FOR PLAINTIFF
THE SHORE FIRM LLP

# Exhibit "1"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **VIDEOSHARE, LLC,** | § | |
| *Plaintiff* | § | |
| | § | |
| **-vs-** | § | **6:19-CV-663-ADA** |
| | § | |
| **GOOGLE LLC and YOUTUBE, LLC,** | § | |
| *Defendants,* | § | |

## JUDGMENT

This action came before the Court for a trial by jury commencing on November 8, 2021, between Plaintiff VideoShare, LLC ("VideoShare") and Defendants Google LLC and YouTube, LLC ("Defendants"). The issues have been tried and the jury rendered its unanimous verdict on November 15, 2021 (ECF No. 218). In accordance with the jury verdict, it is hereby **ORDERED** and **ADJUDGED** that:

1. Defendants have directly infringed claims 1, 3, 4, 5, 6, and 7 of U.S. Patent No. 10,362,341 ("the '341 Patent").

2. Claims 1, 3, 4, 5, 6, and 7 of the '341 Patent are not well-understood, routine, and conventional as of the '341 Patent's priority date.

3. Judgment is hereby entered in favor of VideoShare and against Defendants in the sum of $25,900,000 in damages for Defendants' infringement of the asserted claims.

4. This FINAL Judgment starts the time for filing any post-trial motions or appeal.

This is a **FINAL JUDGMENT**.

SIGNED this 24th day of August, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

# Exhibit "2"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **VIDEOSHARE, LLC,** | **CIVIL ACTION NO. 6:19-CV-00663-ADA** |
| **Plaintiff,** | |
| v. | |
| | **JURY TRIAL DEMANDED** |
| **GOOGLE LLC and** **YOUTUBE, LLC,** | |
| **Defendants.** | |

---

**STIPULATED MOTION TO WITHDRAW FOR JUST CAUSE BY MICHAEL SHORE, AND HALIMA SHUKRI NDAI AND THE SHORE LAW FIRM LLP**

---

Pursuant to Local Rule AT-3, attorneys for Plaintiff Videoshare, LLC ("VideoShare"), Michael W. Shore, Halima Shukri Ndai and The Shore Law Firm LLP move to withdraw as counsel for VideoShare in the above-captioned civil matter and, in support of this Motion, states as follows:

VideoShare, Gad Liwerant, Mr. Shore, Ms. Ndai and The Shore Firm (collectively the "Movants") agree and stipulate that Mr. Shore, Ms. Ndai and The Shore Firm (collectively "Attorneys") have just cause to withdraw from the representation of VideoShare in this matter. The Movants further agree and stipulate that the just cause for the Attorneys to withdraw from the representation of VideoShare and Mr. Liwerant in this matter arose and existed before March 1, 2024.

Movants certify that VideoShare will continue to be represented in this matter by Mark Siegmund and the attorneys at CHERRY JOHNSON SIEGMUND JAMES, PLLC who have or will enter appearances on VideoShare's behalf.

1

Counsel for VideoShare conferred with counsel for Defendants Google LLC and YouTube, LLC, who confirmed that this motion is unopposed.

WHEREFORE, PREMISES CONSIDERED, Movants request the Court grant the foregoing Motion for Withdrawal, enter the agreed form of Order attached and terminate the appearances of Michael W. Shore, Halima Shukri Ndai and The Shore Firm in this case for all purposes.

Dated: <u>April 3, 2024</u>

By: <u>*/s/ Michael W. Shore*</u>
　　Charles L. Ainsworth (Texas 00783521)
　　Robert C. Bunt (Texas 00787165)
　　PARKER, BUNT & AINSWORTH P.C.
　　100 E. Ferguson Suite 418
　　Tyler, Texas 75702
　　Tel: (903) 531-3535
　　charley@pbatyler.com
　　rcbunt@pbatyler.com

　　Michael W. Shore (Texas 18294915)
　　Halima Shukri Ndai (Texas 24105486)
　　THE SHORE FIRM
　　901 Main Street, Suite 3300
　　Dallas, Texas 75202
　　Tel: (214) 593-9110
　　Fax: (214) 593-9111
　　mshore@shorefirm.com
　　hndai@shorefirm.com

_____
Gad Liwerant

　　*/s/ Mark Siegmund*
　　_____
　　Mark Siegmund
　　Cherry Johnson Siegmund James
　　The Roosevelt Tower
　　400 Austin Avenue, 9th floor
　　Waco, TX  76701
　　Tel:  (254) 732-2242
　　msiegmund@cjsjlaw.com

**CERTIFICATE OF CONFERENCE**

On March 28, 2024, I conferred with Luann Simmons, attorney for Google LLC regarding Plaintiff's STIPULATED MOTION TO WITHDRAW FOR JUST CAUSE BY MICHAEL SHORE, AND HALIMA SHUKRI NDAI AND THE SHORE LAW FIRM LLP, and counsel is unopposed to the filing of said Motion.

*/s/ Michael W. Shore*
Michael W. Shore

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that on April 3, 2024, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Michael W. Shore*
Michael W. Shore

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **VIDEOSHARE, LLC,** | **CIVIL ACTION NO. 6:19-CV-00663-ADA** |
| **Plaintiff,** | |
| v. | |
| **GOOGLE LLC and** | **JURY TRIAL DEMANDED** |
| **YOUTUBE, LLC,** | |
| **Defendants.** | |

---

**ORDER GRANTING STIPULATED MOTION TO WITHDRAW FOR JUST CAUSE BY MICHAEL SHORE, AND HALIMA SHUKRI NDAI AND THE SHORE LAW FIRM LLP**

---

Came on to be heard the Stipulated Motion to Withdraw for Just Cause by Michael W. Shore, Halima Shukri Ndai and The Shore Firm LLP. The Court having considered the Motion enters the following Order:

The Court accepts the stipulation of VideoShare, LLC ("VideoShare"), Mr. Liwerant, Mr. Shore, Ms. Ndai, and The Shore Firm LLP that Mr. Shore, Ms. Ndai and The Shore Firm LLP possess just cause to withdraw from the representation of VideoShare in this matter, and that such just cause to withdraw arose before March 1, 2024. VideoShare has obtained replacement counsel and has consented to the entry of this Order

It is therefore ORDERED that the withdrawal of Michael W. Shore, Halima Shukri Ndai and The Shore Firm from this matter is granted and that such withdrawal is for just cause.

Signed this ___ day of April, 2024.

_____
Hon. Judge Alan Albright

# Exhibit "3"

## Michael Shore

| | |
|---|---|
| **From:** | TXW_USDC_Notice@txwd.uscourts.gov |
| **Sent:** | Wednesday, April 17, 2024 2:57 PM |
| **To:** | cmecf_notices@txwd.uscourts.gov |
| **Subject:** | Activity in Case 6:19-cv-00663-ADA VideoShare, LLC v. Google LLC et al Order on Motion to Withdraw as Attorney |

CAUTION: External Email!

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court [LIVE]

### Western District of Texas

### Notice of Electronic Filing

The following transaction was entered on 4/17/2024 at 2:56 PM CDT and filed on 4/17/2024
**Case Name:**      VideoShare, LLC v. Google LLC et al
**Case Number:**    6:19-cv-00663-ADA
**Filer:**
**WARNING: CASE CLOSED on 08/24/2022**
**Document Number:** No document attached

**Docket Text:**
**Text Order GRANTING [277] Motion to Withdraw as Attorney entered by Judge Alan D Albright. Came on for consideration is the Stipulated Motion to Withdraw for Just Cause by Michael W. Shore, Halima Shukri Ndai and The Shore Firm LLP. The Court having considered the Motion, and noting that it is unopposed, hereby GRANTS the Motion. It is therefore ORDERED that Michael W. Shore, Halima Shukri Ndai, and The Shore Firm are hereby withdrawn as counsel of record for Plaintiff and that such withdrawal is for just cause. (This is a text-only entry generated by the court. There is no document associated with this entry.) (CCle)**

**6:19-cv-00663-ADA Notice has been electronically mailed to:**

Amy K. Liang   aliang@omm.com, amy-k-liang-4025@ecf.pacerpro.com, kathleenmiller@omm.com

Benjamin Haber    bhaber@omm.com, ben-haber-4444@ecf.pacerpro.com, kgodfrey@omm.com, pponce@omm.com

Bill Trac    btrac@omm.com, bill-trac-3982@ecf.pacerpro.com

Brett Aaron Mangrum    bmangrum@cjsjlaw.com

Cameron Westin    cwestin@omm.com, cameron-westin-8712@ecf.pacerpro.com

Charles L. Ainsworth    charley@pbatyler.com, dattaway@pbatyler.com

Dan L. Bagatell    dbagatell@perkinscoie.com, docketwdc@perkinscoie.com, FPasha@perkinscoie.com

Daniel Silverman    dsilverman@omm.com, daniel-silverman-6879@ecf.pacerpro.com

David S. Almeling    dalmeling@omm.com, david-almeling-2044@ecf.pacerpro.com, modonnell@omm.com

G. Blake Thompson    blake@themannfirm.com, 9966433420@filings.docketbird.com, ma@themannfirm.com

Halima Shukri Ndai    hndai@shorefirm.com, cjohnson@shorefirm.com, paralegals@shorefirm.com

J. Mark Mann    mark@themannfirm.com, 4126355420@filings.docketbird.com, blake@themannfirm.com, cdoerge@themannfirm.com

Luann L. Simmons    lsimmons@omm.com, luann-simmons-1105@ecf.pacerpro.com

Marc J. Pensabene    mpensabene@omm.com, marc-pensabene-5411@ecf.pacerpro.com, slewis@omm.com

Mark D. Siegmund    msiegmund@cjsjlaw.com, 7364959420@filings.docketbird.com, bperry@cjsjlaw.com, efreeland@cjsjlaw.com, jharing@cjsjlaw.com, jlopez@cjsjlaw.com

Melissa Samano Ruiz    mruiz@jw.com, sserenil@jw.com

Michael W. Shore    mshore@shorefirm.com, cjohnson@shorefirm.com, paralegals@shorefirm.com

Robert Christopher Bunt    rcbunt@pbatyler.com, dattaway@pbatyler.com

Sorin G. Zaharia    szaharia@omm.com, sorin-zaharia-6510@ecf.pacerpro.com

Stacy P. Yae    syae@omm.com, stacy-p-yae-3313@ecf.pacerpro.com

**6:19-cv-00663-ADA Notice has been delivered by other means to:**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jimmy Brashear on behalf of Dennis Weitzel
Bar No. 21118200
jimmy@tedlyon.com
Envelope ID: 87230587
Filing Code Description: Ody - Original Petition (OCA - New Case Filed)
Filing Description:
Status as of 5/4/2024 12:36 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dennis Weitzel | | dennis@tedlyon.com | 4/30/2024 4:08:11 PM | SENT |
| Teresa Rollins | | teresa@tedlyon.com | 4/30/2024 4:08:11 PM | SENT |
| Ted BLyon | | tblyon@tedlyon.com | 4/30/2024 4:08:11 PM | SENT |
| Mandi Murphy | | mmurphy@tedlyon.com | 4/30/2024 4:08:11 PM | SENT |
| Melanie Barragan | | melanie@tedlyon.com | 4/30/2024 4:08:11 PM | SENT |
| Michael Wayne Shore | 18294915 | mshore@shorefirm.com | 4/30/2024 4:08:11 PM | SENT |

# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-24-03319-B**
COUNTY COURT AT LAW NO. 2
Dallas County, Texas

**TO:**

> **VIDEOSHARE, LLC.**
> **SERVE THROUGH ITS PRINCIPAL & OWNER: GAD LIWERANT**
> **605 AUSTIN AVENUE, SUITE 103**
> **WACO, TX  76701**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."   Your answer should be addressed to the clerk of County Court at Law No. 2 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**THE SHORE FIRM LLP**
*Plaintiff(s)*

**VS.**

**VIDEOSHARE, LLC.**
*Defendant(s)*

Filed in said Court on the 30th day of April, 2024, a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 9th day of May, 2024 A.D.

JOHN F. WARREN, Dallas County Clerk



By _____, Deputy
      Momodou Bayo



---

**ATTORNEY**

**CITATION**
**PLAINTIFF'S ORIGINAL PETITION**

## CC-24-03319-B

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 2
Dallas County, Texas

THE SHORE FIRM LLP, *Plaintiff(s)*

**VS.**

VIDEOSHARE, LLC., *Defendant(s)*

**SERVE:**
**VIDEOSHARE, LLC.**
**SERVE THROUGH ITS PRINCIPAL &**
**OWNER: GAD LIWERANT**
**605 AUSTIN AVENUE SUITE 103**
**WACO TX  76701**

**ISSUED THIS**
**9TH DAY OF MAY, 2024**

JOHN F. WARREN, COUNTY CLERK
BY: MOMODOU BAYO, DEPUTY

Attorney for Plaintiff

DENNIS WEITZEL
MICHAEL W. SHORE
18601 LYNDON B. JOHNSON FREEWAY
SUITE 525
MESQUITE, TEXAS 75150
972-279-6571

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

## OFFICER'S RETURN

CC-24-03319-B   County Court at Law No. 2

THE SHORE FIRM LLP vs. VIDEOSHARE, LLC.

**ADDRESS FOR SERVICE:**
SERVE THROUGH ITS PRINCIPAL & OWNER: GAD LIWERANT
605 AUSTIN AVENUE, SUITE 103
WACO, TX  76701

**Fees:**
Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to VIDEOSHARE, LLC. in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
| | | |
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____
and the cause or failure to execute this process is:

_____
and the information received as to the whereabouts of said defendant(s) being:
_____

Serving Petition and Copy      $_____      _____, Officer

Total    $_____      _____, County, Texas

By:_____, Deputy

_____, Affiant

## CAUSE NO. CC-24-03319-B

| | | |
|---|---|---|
| **THE SHORE FIRM LLP,** | § | **IN THE COUNTY COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **AT LAW NO. 2** |
| | § | |
| **VIDEOSHARE, LLC,** | § | |
| | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

## DEFENDANT VIDEOSHARE, LLC'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant VideoShare, LLC ("VideoShare") and files this, its Original Answer and Affirmative Defenses to Plaintiff The Shore Firm, LLP's ("Plaintiff") Original Petition (the "Petition"), as follows:

### I. GENERAL DENIAL

1.      VideoShare generally denies each and every allegation contained in Plaintiff's Petition, and all amendments and supplements thereto, and demands strict proof thereof.

### II. AFFIRMATIVE DEFENSES

VideoShare asserts the following affirmative and other defenses to all claims and defenses asserted in the Petition, and all amendments and supplements thereto:

1.      The claims asserted by Plaintiff are barred, in whole or in part, by collateral estoppel.

2.      The claims asserted by Plaintiff are barred, in whole or in part, by res judicata.

3.      The claims asserted by Plaintiff are barred, in whole or in part, because the quantum meruit award sought would be unconscionable.

4.      The claims asserted by Plaintiff are barred, in whole or in part, by the statute of frauds.

5.      The claims asserted by Plaintiff are barred, in whole or in part, by the doctrine of unclean hands.

6.      The claims asserted by Plaintiff are barred, in whole or in part, by the affirmative defense of offset and/or accord and satisfaction.

7.      VideoShare asserts that Plaintiff was terminated for cause.

## III. <u>PRAYER</u>

8.      VideoShare requests that this Court enter judgment that (a) the Shore Firm take nothing by this suit; (b) VideoShare recover all costs incurred in defense of the Shore Firm's claims, and (c) VideoShare recover all other relief to which VideoShare shows itself justly entitled.

Dated: May 17, 2024                    Respectfully submitted,

*/s/ Jonathan R. Patton*
Jeffrey M. Tillotson
Texas Bar No. 20039200
jtillotson@tillotsonlaw.com
Jonathan R. Patton
State Bar No. 24088198
jpatton@tillotsonlaw.com
Sara K. Babineaux
State Bar No. 24125102
sbabineaux@tillotsonlaw.com
**TILLOTSON JOHNSON & PATTON**
1201 Main St., Suite 1300
Dallas, Texas 75202
(214) 382-3041 Telephone
(214) 292-6564 Facsimile

**ATTORNEYS FOR DEFENDANT
VIDEOSHARE LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and accurate copy of the above and foregoing document has been served electronically upon all parties or their counsel of record in accordance with the Texas Rules of Civil Procedure on May 17, 2024.

*/s/ Jonathan R. Patton*
Jonathan R. Patton